Jennifer Fraser Parrish (11207)
 parrish@mcpc.law
Yevgen Kovalov (16297)
 kovalov@mcpc.law
**MAGLEBY CATAXINOS, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

John A. Love (*pro hac vice forthcoming*)
 tlove@loveconsumerlaw.com
**LOVE CONSUMER LAW**
2500 Northwinds Parkway, Suite 330
Alpharetta, Georgia 30009
Telephone 404.855.3600

Attorneys for Plaintiff Tyler Kania

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| **TYLER KANIA, an individual,** | **COMPLAINT** |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **DISCOVER BANK, INC.,** | **Case No.:** |
| **Defendant.** | **Honorable** |

COMES NOW Plaintiff, Tyler Kania ("Plaintiff"), by counsel, and hereby files his Complaint ("Complaint") against Defendant Discover Bank, Inc. ("Defendant") as follows:

## INTRODUCTION

1.      This is an action for actual, statutory, and punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA").

2.    Plaintiff is the victim of identity theft as the result of a fraudster's unauthorized use of some of his personal identifiable information ("PII") to open a credit card account with Defendant in Plaintiff's name and without his knowledge or consent. The account ends in account number 0222 ("Account").

3.    Plaintiff is a "consumer" and Defendant is a furnisher of information as those terms are defined or otherwise used in the FCRA.

4.    As set forth below, Defendant reported the inaccurate Account to the credit bureaus – Experian, TransUnion, and Equifax (collectively the "CRAs") – under Plaintiff's name and to be included on his credit reports.  Defendant then failed to conduct reasonable investigations of Plaintiff's credit reporting disputes with the CRAs and repeatedly verified the fraudulent and inaccurate Account as accurate to one or more of the CRAs.  Defendant's actions, or inactions, violated the FCRA.

5.    As set forth below, Plaintiff suffered concrete harm because of Defendant's violations of the FCRA.

## PARTIES, JURISDICTION, AND VENUE

6.    At all times material to this action, Plaintiff was a resident of the State of Utah and this Judicial District.

7.    At all times material to this action, Defendant was a foreign corporation doing business in this District and is registered to do business in this District.

8.    Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: C T Corporation System, 1108 E. South Union Avenue, Midvale, UT 84047.

9. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

10. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

11. Defendant does business in this District and Division and is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

12. Plaintiff lives in St. George, Utah. He did not open the Account. He did not authorize anyone to open the Account in his name. He has not used the Account. He has not benefited from the Account.

13. Defendant reported the Account to the CRAs to be included in Plaintiff's credit files with the CRAs.

14. Plaintiff has disputed the Account directly with Defendant many times. Plaintiff has also disputed the Account with the CRAs many times. Within the two years preceding the filing of this Complaint, Plaintiff made disputes with the CRAs and advised the CRAs that he did not open the Account and that it was the result of fraud.

15. Plaintiff filed a complaint with the Better Business Bureau concerning Defendant's inaccurate reporting of the Account. Upon information and belief, Defendant received the Better Business Bureau complaint from the Better Business Bureau.

16.     Plaintiff filed a complaint with the Consumer Financial Protection Bureau ("CFPB") concerning Defendant's inaccurate reporting of the Account.  Upon information and belief, Defendant received the CFPB complaint from the CFPB.

17.     Plaintiff completed and filed an FTC fraud affidavit, under oath, with the Federal Trade Commission disputing the Account and identifying it as the result of identity theft.  Plaintiff provided the FTC fraud affidavit to Defendant on more than one occasion.

18.     Plaintiff included the FTC fraud affidavit with a number of his disputes to the CRAs concerning the Account.

19.     Upon information and belief, the CRAs conveyed Plaintiff's disputes about the Account to Defendant and Defendant received such disputes from the CRAs. Defendant did not direct the CRAs to delete the Accounts from Plaintiff's credit files as a result of Plaintiff's disputes with the CRAs that were conveyed to Defendant. Defendant's investigations of such disputes were unreasonable.

20.     Upon information and belief, on at least one occasion, Defendant instructed one of the CRAs (Equifax) to place the Account back in Plaintiff's credit file after the CRA had already deleted it from the credit file.  Defendant did not undertake a reasonable investigation before directing the CRA to place the Account back in Plaintiff's credit file.

21.     Defendant violated the FCRA in its handling of Plaintiff's disputes made through the CRAs.

22.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of harm to his personal and credit reputation from Defendant's reporting of the Account to the CRAs, harm to his credit score attributable to the Account, emotional distress including humiliation, anger, and embarrassment, denial for a $5,000 personal loan, denial for a Chase credit card, denial for the purchase of a car, lost sleep, postage to mail credit report disputes, and the time and effort to review his credit reports and make disputes concerning the Account, all attributable to Defendant's violations of the FCRA as described herein.

23.     Defendant's conduct was willful, reckless, and grossly negligent.

24.     Defendant's conduct required Plaintiff to retain counsel to represent him in this matter.

**COUNT ONE**
**Defendant's Violation of the FCRA**

25.     Plaintiff incorporates the preceding paragraphs by reference.

26.     At all times relevant hereto, Defendant was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

27.     At all times relevant hereto, Defendant was a "furnisher" as that term is used in 15 U.S.C. § 1681s-2(b).

28.     Defendant violated Sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).  Defendant did not undertake reasonable investigations of Plaintiff's disputes with the CRAs concerning the Account and did not consider all relevant information provided with such disputes, including

5

when Defendant instructed Equifax to place the Account back onto Plaintiff's credit file after Equifax had deleted it.

29.    Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious damages and harm to Plaintiff described in Paragraph 22 above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## TRIAL BY JURY IS DEMANDED

Plaintiff requests a jury trial on all claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the judgment be entered in his favor and against Defendant for his actual damages, punitive damages, statutory damages, attorneys' fees and costs, pre- and post-judgment interest, and all other relief deemed just, equitable, and proper by the Court.

DATED this 10th day of March 2025.

**MAGLEBY CATAXINOS, PC**


/s/ Yevgen Kovalov
Jennifer Fraser Parrish
Yevgen Kovalov

**LOVE CONSUMER LAW**
John A. Love

Attorneys for Plaintiff Tyler Kania

6